## Stroop *against* Ransom.

The non-performance of the condition of a title bond, may, under certain circumstances, be an equitable defence in an action for the purchase-money of the land sold; but not in a case where the circumstances sufficiently indicate the intention of the parties to have been, that the purchase-money was to be paid at a particular time at all events.

ERROR to the district court of *Allegheny* county.

Luther N. Ransom against Jacob Stroop. This action was founded upon a note of the defendant to the plaintiff, as follows:—

"Manchester, November 4, 1836.

"$120. Twelve months after date, I promise to pay Luther N. Ransom or order, one hundred and twenty dollars, for value received."

The defendant gave in evidence a bond of the plaintiff of the same date of the note, in the penalty of 240 dollars, with the following condition:—

"The condition of the above obligation is such, that if the above bounded Luther N. Ransom, his heirs, executors, administrators and assigns, do well and truly make unto the said Stroop, certain attorney, heirs, executors, administrators or assigns, a deed in fee simple, to lots No. 9, 10, 11, 12, 13, 14, 15 and 16, in block 14, and lots No. 9, 10, 11 and 12, in block 15, in the town of Chatham, Sangamon county, state of Illinois, upon the payment of Jacob Stroop's note, this day given, without any fraud or further delay, then this obligation to be void, otherwise to be and remain in full force and virtue."

The plaintiff's counsel then produced a deed, for the lots mentioned, from Luther N. Ransom and wife to Jacob Stroop, which was executed on the 12th October 1838, before a notary public in

x.—2 A

the state of Illinois. But it was admitted, that this deed was not tendered to the defendant before the suit was brought.

Upon this evidence the defendant contended, that the two papers given in evidence taken together, contained the contract of the parties: that the covenants were dependent, and that in order to enable the plaintiff to recover, he must show that he had performed or offered to perform his part of the contract before suit brought; that the tender of the deed after suit brought, gave the plaintiff no legal right to recover.

*Grier*, president, was of a different opinion, and instructed the jury that the circumstances of the case afforded a sufficient indication of the intention of the parties, that the purchase-money should be paid at the maturity of the note, and that the court would take care that no injustice should be done the defendant, by *requiring* him to pay the purchase-money, until the deed was filed in court to be delivered to him when it was paid. Verdict and judgment for the plaintiff.

*Williamson*, for plaintiff in error, cited 15 *Johns.* 458; 5 *Pick.* 395; 3 *Serg. & Rawle* 230; 20 *Johns.* 134; 11 *Serg. & Rawle* 246; 12 *Johns.* 212.

*Marks*, for defendant in error, cited 11 *Serg. & Rawle* 445; 15 *Mass. Rep.* 171; 2 *Hilliard's Ab. of U. S. Laws* 454, *sect.* 19; 7 *Watts* 328.

Per Curiam.—The doctrine of dependent covenants, is inapplicable to a case like the present. It is certainly fatal if the right to sue appear incomplete on the face of the instrument, by reason of non-performance of the plaintiff's covenant as a condition precedent; but here the cause of action is a debt secured by an unconditional promise to pay at a day certain. It would be immaterial, therefore, that the note which is the evidence of the promise, were in *pari materia* with the title bond, and, for some purposes, perhaps, an integrant part of the same contract. For the purpose of founding an action, it is a separate and an entire security; and whether the plaintiff had a right to sue on it at its maturity, depended on the intent of the parties, deducible from the circumstances of the transaction. But non-performance of the condition of the title bond, unlike non-performance of a mutual covenant, could not be a *legal* defence, though it might, under circumstances, be an equitable one. What equitable right, then, had this defendant to detain the purchase-money? In Lighty *v.* Shorb, 3 *Penn. Rep.* 447, the character of the security—a draft at a short sight—in connection with a covenant for the title, was deemed sufficiently indicative of an understanding that the purchase-money should be paid at all events. Is not that the case here? The note is indeed payable at a year from the date; but its mercantile character, *admitting*,

[Stroop v. Ransom.]

as it did, of being negotiated, and consequently of precluding a defence against a subsequent holder, is conclusive that the vendee held himself bound to pay at the maturity of the paper, whatever might be the vendor's performance of the condition of his bond.

Judgment affirmed.